IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STACIE TOMIKA BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 16-645-SLR |
| | ) |
| SUSSEX COUNTY COUNCIL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Stacie Tomika Burton ("plaintiff") proceeds pro se and has been granted in forma pauperis status. She filed this complaint alleging employment discrimination pursuant to Title VII. (D.I. 2)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

4. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

5. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff filed this action as a Title VII claim. The complaint does not state who employs plaintiff, but suggests that it may be defendant Sussex County Council ("SCC"). Also named as defendants are county administrator Todd Lawson ("Lawson"), HR director Karen Brewington ("Brewington"), director of assessment Christopher Keeler ("Keeler"), security manager Ronald S. Verosko, ("Verosko"), chief constable Michael Costello ("Costello"), and HR specialists Kimberly Bennett ("Bennett") and Marcia Wilson ("Wilson"). Plaintiff alleges a number of discriminatory acts occurred from January 2013 through December 2016, such as harassment, failure to promote, discrimination, discipline, demotion, and retaliation. She seeks compensatory damages.

7. **Deficient Pleading**. Plaintiff indicates that she raises her claims pursuant to Title VII. "Title VII makes it an 'unlawful employment practice for an employer . . . to discriminate against any individual . . . , because of such individual's race, color, religion, sex, or national origin.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting 42 U.S.C. § 2000e–2(a)(1). Here, the complaint does not indicate by whom plaintiff is employed. Nor does it indicate the basis for discrimination such as race, color, religion, sex, national origin, age, or disability. *See* 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. §§ 12101, *et seq.*, 29 U.S.C. §§ 621, *et seq.*, 29 U.S.C. §§ 701, *et seq.* Therefore, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, since it appears plausible that plaintiff may be able to articulate a claim against her employer, she will be given an opportunity to amend her pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").[1]

8. **Individual Defendants**. Finally, the complaint names several individual defendants, but its allegations do not lead to the conclusion that any of the individual defendants are "employers" as required under Title VII. Individual employees cannot

---

[1] The court notes that the complaint does not indicate if plaintiff has filed a charge of discrimination or if she has received a notice of suit rights. Regardless, Third Circuit jurisprudence holds that, although the failure to pursue administrative remedies before filing a lawsuit may prevent a plaintiff from proceeding in federal court, the failure to exhaust is an affirmative defense and should not be the basis of a sua sponte dismissal. *See McIntyre v. City of Wilmington*, 360 F. App'x 355, 356 (3d Cir. 2010) (unpublished).

be held liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996). Therefore, the court will dismiss Lawson, Brewington, Keeler, Verosko, Costello, Bennett, and Wilson as the claims against them are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

9. **Conclusion**. For the above reasons, the court will dismiss the complaint as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend the employment discrimination claim against her employer. A separate order shall issue.

Dated: October 26, 2016

_____
UNITED STATES DISTRICT JUDGE